UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RE-SOURCES FOR SUSTAINABLE
COMMUNITIES; A-1 BUILDERS; and all
others similarly situated,

        Plaintiffs,

        v.

BUILDING INDUSTRY ASSOCIATION OF
WASHINGTON, et al.,

        Defendants.

CASE NO. C07-1519RSM

ORDER DECLINING
SUPPLEMENTAL JURISDICTION
AND DISMISSING STATE LAW
CLAIMS

This matter is before the Court for consideration of plaintiffs' motion for partial summary judgment on the existence of trust, Dkt. # 29. The Court deems oral argument on this motion unnecessary. For the reasons set forth below, the Court declines to assert jurisdiction over the state law claim upon which this motion is based, as well as plaintiffs' claim under the Washington Consumer Protection Act. Plaintiffs' state law claims shall be dismissed pursuant to 28 U.S.C. § 1367(c)(1) and (2).

## DISCUSSION

The class action complaint here arises from a program established by the Washington State Department of Labor and Industries ("L & I") to encourage workplace safety through the use of premium refunds for those industries in which a good safety record is established. The program is described as retrospective rating ("Retro"), and is established by statute. RCW 51.18.010. The implementing rules are found in the Washington Administrative Code (WAC"), chapter 296-17. The introductory section

ORDER DECLINING SUPPLEMENTAL
JURISDICTION - 1

states,

> **What is retrospective rating?**  Retro is a voluntary financial incentive workers' compensation insurance program offered by L & I [Labor and Industries].  Retro is designed to reward employers participating in the program that are able to keep their claim costs below the preselected level they have chosen.  Reductions in claim costs are the result of improvements in workplace safety and injured worker outcomes.
>
> **What is the reward?**  Participating employers who are successful may be refunded a portion of the premiums they paid to L & I.
>
> **Are there any fees** involved?  L & I does not charge fees for this program.
>
> **Who can participate?**  Any employer that insures their workers' compensation insurance obligations with L & I and meets the requirements contained in the retro rules can participate in retro.

WAC 297-17-90401 (notes omitted).

An employer may choose to participate individually, or as part of a "retro group"  WAC 296-17-90404.  A retro group may be sponsored by an organized association with dues-paying members and an L & I industrial insurance account in good standing.  WAC 296-17-90409.  It must provide L & I with copies of the association's articles of incorporation and bylaws, and must submit a written plan for workplace safety and accident prevention to L & I.  *Id*.  The association must be formed for purposes other than obtaining or offering insurance coverage, or sponsoring a retro group (this will be verified by examination of the articles of incorporation and bylaws).  *Id*.  The retro group must be made up of employer members who are engaged in substantially similar business operations.  WAC 296-17-90421.  Organizations that sponsor retro groups may charge their members a fee for their services.  WAC 296-17-90401, note.  These fees "are not a requirement of L & I nor are they regulated by L & I."  *Id*.

The named plaintiffs here are employers engaged in the building trades.  Second Amended Complaint, ¶¶ 6, 7. The defendants include Building Industry Association of Washington ("BIAW"), a trade association incorporated as a non-profit corporation; the BIAW Member Services Corporation, a for-profit corporation; the Washington Builders Benefits Trust, an unincorporated entity formed by the BIAW; Master Builders of King and Snohomish County, a non-profit corporation; various named individuals who are current or former trustees of the Builders Benefits Trust, and numerous un-named Doe defendants.  Complaint, ¶¶ 8-13.

Plaintiffs allege that they are members of a retro group sponsored by BIAW.  Second Amended

ORDER DECLINING SUPPLEMENTAL
JURISDICTION - 2

Complaint, ¶ 1.  They assert that over the past six years, BIAW has returned only 80%, instead of 100%, of the premium refunds from L & I to the member employers.  The Second Amended Complaint asserts three separate causes of action: a state law claim for violation of fiduciary duty (First Cause of Action); a federal claim under 42 U.S.C. § 1983 for violation of plaintiffs' First Amendment rights (Second Cause of Action); and a state law claim under the Washington Consumer Protection Act, RCW 19.86 (Third Cause of Action).  Plaintiffs invoke the jurisdiction of this Court pursuant to 28 U.S.C. § 1331 for the federal claim[1] and supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims.

With respect to supplemental jurisdiction, 28 U.S.C. § 1367 states, in relevant part,

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

. . . .

(c)  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if —

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a), (c).

Thus, a federal district court with the power to hear state law claims has discretion to keep, or decline to keep, those claims under the conditions set forth in § 1367(c), just as it had under the pendant jurisdiction standards of  *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *Acri v. Varian Associates*, 114 F. 3d 999, 1000 (9th Cir. 1997).  The *Acri* court held that the district court, once

---

[1] The Court previously questioned the basis for federal jurisdiction under § 1983, as the named defendants are not state employees.  However, the Court is satisfied that the allegations of action under color of state law in the complaint, which must be taken as true at this stage of the proceedings, are sufficient to invoke this Court's jurisdiction over the federal claim at this time.   Dkt. # 83.

ORDER DECLINING SUPPLEMENTAL
JURISDICTION - 3

satisfied that it has the power to resolve state law claims under § 1367(a), is not **required** to make a §

1367(c) analysis before exercising its discretion to retain those claims, unless asked to do so by a party.

*Id.*   However, the court encouraged the district court to conduct such analysis on its own initiative even

if not asked to do so by a party.

> Having said that, we emphasize that actually exercising discretion and deciding whether
> to decline, or to retain, supplemental jurisdiction over state law claims when any factor
> in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take
> seriously. . . .   While discretion to decline to exercise supplemental jurisdiction over state
> law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed
> by the *Gibbs* values "of economy, convenience, fairness, and comity."  Given the importance
> of these values in our federal system, the proper administration of justice is far better served
> by a deliberative decision than by default.

*Id.* at 1001.

Under the circumstances presented here, the Court finds it appropriate to conduct a

§1367(c) analysis on its own initiative before accepting jurisdiction over the state law claims, rather than

assuming such jurisdiction by default.  *Id.; see also Id.* at n.3.   Consideration of the relevant factors leads

to the conclusion that jurisdiction should be declined under either § 1367(c) (1) or (2).

(1) *Novel or Complex Issue of State Law*

The state law claims here involve a complex regulatory scheme established by Washington State

and administered through regulations, some of which are set forth above.  The regulations state that

participation in the retro program by an employer is voluntary.  WAC 296-17-90401.  An employer may

participate either as an individual or through an association that sponsors a retro group.  WAC 296-17-

90404.   Membership in the association that sponsors a retro group is voluntary, and an employer may

have a choice of several associations to join.  Nothing in the regulations compels an employer to join a

particular association or even to join any association for the purpose of obtaining a retro refund.

Employers are encouraged to contact various organizations sponsoring retro groups to determine what

their requirements are.  WAC 296-17-90405.  The regulation clearly states that the organization may

have requirements in addition to those listed by L & I.  *Id.*  Further, the introductory regulation states

that "organizations that sponsor retro groups can and often do charge their members fees for their

services."  WAC 296-17-90401.  However, the fees are not regulated by L & I.  *Id.*

Plaintiffs in this case challenge the retention of a portion of the L & I premium refunds by the

ORDER DECLINING SUPPLEMENTAL
JURISDICTION - 4

defendant retro group for administrative and other purposes.  Their state law claims arise under common law trust and contract principles, and under the Washington Consumer Protection Act.   This appears to be a case of first impression.  Although plaintiffs do not directly challenge the statute itself, the case has serious implications for the integrity of the implementing regulatory scheme and the purposes for which it was established, particularly the promotion of workplace safety.   Deference to the State's judgment in this matter directs that this is a determination best made by the state courts.

(2) *Predominance of the State Law Claims*

Supplemental jurisdiction may also be declined where the state law claim "substantially predominates over the claim or claims over which the district court has original jurisdiction." § 1367(c)(2).  Where "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Gibbs*, 383 U.S. at 726-27.

While the Court cannot, at this stage of the proceedings, address the actual merits of the federal claim under § 1983, it has previously expressed reservations regarding the "color of state law" component of that claim.  Dkt. # 83.  The apparent weakness of the basis for the federal claim leads the Court to conclude that it is the state law issues which predominate in this case, both as to the scope of the issues raised, and the comprehensiveness of the remedy sought.   The scope of the state law claims is far broader than the relatively simple issue presented by the § 1983 claim, and involves a carefully crafted regulatory scheme created by the State to advance policy goals.   Further, the remedies sought by the plaintiffs for the alleged violation of their First Amendment rights are separable from, and rely upon different proof than, the remedies sought by plaintiffs for breach of contract and Consumer Protection Act violations.  These matters are best left to the state courts for resolution.

## CONCLUSION

Once a factual predicate under one of the § 1367(c) factors is identified, this Court's exercise of discretion is informed by a determination whether dismissing the state law claims "comports with the underlying objective of most sensibly accommodating the values of economy, convenience, fairness and comity." *Executive Software North America, Inc., v. Jensen*, 24 F. 3d 1551, 1557 (9th Cir. 1994).

ORDER DECLINING SUPPLEMENTAL
JURISDICTION - 5

1   "Needless decisions of state law should be avoided as a matter of comity." *Gibbs*, 383 U.S. at 726.

2   Given that all parties are Washington residents, and the case is one of first impression regarding a state

3   program, the comity factor weighs heavily in this Court's determination to exercise its discretion against

4   jurisdiction.

> While federal courts may be obliged to speak on questions of state law in certain
> circumstances, we should always be mindful that, absent a strong justification, state
> law claims belong in state courts. After all, "the National Government will fare best
> if the States and their institutions are left free to perform their separate function in
> their separate ways."

8   *Acri*, 114 F. 3d at 1001 (Justice O'Scannlain, dissenting) (quoting *Younger v. Harris*, 401 U.S. 37, 44

9   (1971). This Court should be "reluctant to retain [supplemental] jurisdiction over a question for which

10  state jurisprudence gives inadequate guidance." *Executive Software*, 24 F. 3d at 1553 (*quoting*

11  *Financial General Bankshares, Inc., v. Metzger*, 680 F. 2d 768, 776 s

12  As to judicial economy, "[w]hen novel issues of state law are presented . . . considerations of

13  judicial economy are not determinative." *Executive Software*, 24 F. 3d at 1553. Thus, although the

14  result of the Court's ruling will be litigation of the state and federal issues in separate courts, that fact

15  does not justify this Court's retention of jurisdiction.

16  As to convenience and fairness, this matter is in its early stages, and this Court has made no

17  substantive rulings. The work expended by the parties on the pending motions has not been wasted, as

18  those motions may simply be re-filed in the state court.

19  Accordingly, the Court determines that it shall exercise its discretion to decline supplemental

20  jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(1) and (2). The state law claims

21  are hereby DISMISSED without prejudice to re-filing in state court. The Clerk shall strike plaintiffs'

22  pending motion for partial summary judgment on the state law claim (Dkt. # 29) from the calendar. The

23  Court shall proceed to rule on plaintiffs' motion for class certification of the § 1983 claim by separate

24  Order.

25  DATED this 11  Day of June 2008.

26

27  RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE

28

ORDER DECLINING SUPPLEMENTAL
JURISDICTION - 6