UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RE SOURCES FOR SUSTAINABLE COMMUNITIES; A-1 BUILDERS; and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUILDING INDUSTRY ASSOCIATION OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C07-1519RSM<br><br>ORDER ON MOTION FOR VOLUNTARY DISMISSAL |

This matter is before the Court for consideration of plaintiffs' motion for voluntary dismissal of their claim under 42 U.S.C. § 1983, as well as dismissal of defendants' counterclaims. Dkt. # 89. On June 11, 2008, the Court declined to exercise supplemental jurisdiction over plaintiffs' state law claims, and plaintiffs now seek to dismiss the remaining claims so they may concentrate their efforts and resources on litigation in state court. One week after plaintiffs moved for dismissal, defendants moved for summary judgment on the § 1983 claim, and now assert that the matter should be adjudicated on the merits rather than dismissed without prejudice. Defendants therefore oppose dismissal as to plaintiffs' § 1983 claim, although not as to their counterclaims asserted under state law.

As defendants have filed an answer in this matter, Rule 41(a)(2) requires that plaintiffs obtain an order from the Court before they may voluntarily dismiss their claim. F.R.Civ.Proc. 41(a)(2). In ruling on plaintiffs' motion to dismiss without prejudice, this Court "must determine whether the defendant[s]

ORDER ON MOTION FOR VOLUNTARY
DISMISSAL - 1

will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water District v. United States,* 100 F. 3d 94, 96 (9th Cir. 1996) (*citing Hamilton v. Firestone Tire & Rubber Co.*, 679 F. 2d 143, 145 (9th Cir. 1982)). To establish legal prejudice, the defendants must show "prejudice to some legal interest, some legal claim, some legal argument." *Id*. Mere uncertainty over the threat of future litigation does not constitute legal prejudice. *Id*. Nor does the fact that dismissal will result in the loss of a federal forum amount to plain legal prejudice. *Id*. Further, the possibility that plaintiffs may gain a tactical advantage by re-filing their claim in another forum is insufficient to deny voluntary dismissal. *Bader v. Electronics for Imaging, Inc.*, 195 F.R.D. 659, 662 (N.D.Ca. 2000) (*citing American National Bank & Trust Co. of Sapulpa v. Bic Corp*., 931 F. 2d 1411, 1412 (10th Cir. 1991).

Defendants have asserted no basis from which the Court could find plain legal prejudice as that term has been interpreted in this circuit. While they argue that dismissal without prejudice of plaintiffs' § 1983 claim "leaves open the opportunity for further vexatious litigation and harassment," the Court finds that even if that were the case, that possibility does not rise to the level of legal prejudice. *Westlands Water District,* 100 F. 3d at 96-97.

Accordingly, plaintiffs' motion for voluntary dismissal is GRANTED, and their § 1983 claim is DISMISSED without prejudice. As defendants have not opposed dismissal of their counterclaims, those counterclaims are also DISMISSED without prejudice.

Defendants have requested that in the event plaintiffs' motion is granted, they be awarded their costs and fees in litigating the § 1983 claim to this point. The Court finds such terms inappropriate. Imposition of costs and fees as a condition for dismissal of claims without prejudice is not mandatory. *Id*. at 97. Here, Plaintiffs moved for voluntary dismissal promptly after the Court declined supplemental jurisdiction over the state law claims. Defendants chose to move for summary judgment on the § 1983 claim after plaintiffs moved for dismissal. Any work defendants put into the summary judgment motion can be used in the future should plaintiffs re-file their § 1983 claim. Under these circumstances, an award of fees and costs is inappropriate. *Id*. ("[T]he defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.") Defendants' request for terms is accordingly DENIED.

ORDER ON MOTION FOR VOLUNTARY
DISMISSAL - 2

With the dismissal of the § 1983 claim and defendants' counterclaims, no claims remain to be litigated, and the action is DISMISSED in its entirety without judgment in favor of either party. The Clerk shall close the file.

DATED this 7th day of August 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR VOLUNTARY
DISMISSAL - 3